UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Robert A. Heghmann

    v.                                          Civil No. 06-cv-003-PB

Paul J. Maguire, et al.


**REPORT AND RECOMMENDATION**


*Pro se* plaintiff Robert A. Heghmann brings this action, pursuant to 11 U.S.C. §§ 362(a)[1], 362(h)[2] and 1301[3], alleging that defendants have commenced eviction proceedings against him in violation of an automatic stay entered by the United States Bankruptcy Court for the District of New Hampshire (document no. 1).[4] Seeking declaratory, injunctive and monetary relief, he

---

[1] See 11 U.S.C.§ 362(a)(1)(providing that the filing of a bankruptcy petition operates as a stay of the commencement or continuation of a judicial proceeding against the debtor).

[2] See 11 U.S.C. § 362 (h)(permitting recovery of actual damages, and in certain circumstances punitive damages, where an individual is injured by any willful violation of a stay).

[3] See 11 U.S.C. § 1301 (providing for an automatic stay of action against a co-debtor in Chapter 13 cases).

[4] Heghmann also relies upon 42 U.S.C. § 1983 but fails to identify any civil rights violations, therefore, I construe his claims as arising solely under 11 U.S.C. §§ 362(a), 362(h) and 1301.

brings this action against the following defendants: John Doe and Mary Roe, landlords of the property leased by Heghmann; Paul J. Maguire and the P.J. Maguire Agency, managers of the leased property; and Keri J. Marshall, Lynn Aaby and The Marshall Law Firm, attorneys who commenced landlord tenant proceedings against Heghmann.

This is the third time Heghmann[5] has attempted to obtain injunctive relief and damages in this forum for alleged violations of the Bankruptcy Code's automatic stay provisions and violations of his federally protected rights arising out of

---

[5] As noted by Judge McAuliffe in Heghmann's previous action before this Court:

> Mr. Heghmann is an attorney, admitted to practice before the federal district courts in New York and Connecticut, the Court of Appeals for the Second Circuit, and the United States Supreme Court. Heghmann v. Fermanian, 2000 WL 1742122 at * 1, n.1 (D.Me. Nov. 27, 2000). He is no stranger to pro se litigation, at least some of which has been meritless. See id. at * 4 (awarding sanctions against Heghmann and concluding that his "claims in this action were without merit from the beginning and would have been perceived as such by any objectively reasonable attorney."). Nor is this the first time that litigation has flowed from Heghmann's failure to honor rent and/or mortgage obligations. See Connecticut Sav. Bank v. Heghmann, 193 Conn. 157, 474 A.2d 790 (1984).

Heghmann v. Town of Rye, No. 04-100-SM, 2004 WL 2526417, at *1 (D.N.H. Nov. 8, 2004). According to Connecticut officials, Heghmann was disbarred on September 28, 2005.

eviction proceedings.  His first effort proved unsuccessful when the court dismissed all claims set forth in his original complaint.  See Heghmann v. Hafiani, No. 03-219-JD, slip op. at 2-3 (D.N.H. May 28, 2003).  His second effort also proved unsuccessful when the court dismissed his federal claims. Heghmann v. Town of Rye, No. 04-100-SM, 2004 WL 2526417, at *1. In this action, Heghmann again seeks injunctive relief and damages, alleging that defendants have commenced eviction proceedings against him in violation of an automatic stay in bankruptcy.

## Background

While the precise facts underlying this dispute are unclear, Heghmann appears to have entered into a lease agreement with John Doe and Mary Roe for a residential property located at 2 Denbow Road, Durham, New Hampshire.  On December 20, 2004, Heghmann filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code (Bankruptcy Petition No. 04-14478-JMD). Notwithstanding the filing of the bankruptcy petition and the entry of an automatic stay, Maguire filed a landlord tenant action against Heghmann in Durham District Court on May 25, 2005. Heghmann filed a "Suggestion of Bankruptcy" on June 22, 2005,

asserting that Maguire's action was filed in violation of the automatic stay and requesting the Durham District Court to dismiss the action for lack of subject matter jurisdiction. On June 17, 2005, Heghmann's Chapter 13 petition was dismissed by the United States Bankruptcy Court.

On June, 30, 2005, Heghmann filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code (Bankruptcy Petition No. 05-12597-JMD), which resulted in an automatic stay entered on behalf of Heghmann and a parallel stay entered on behalf of his wife, Beatrice. Notwithstanding the filing of the bankruptcy petition and the entry of an automatic stay, Maguire served a "Demand for Rent" and "Notice to Quit" on Beatrice on October 5, 2005. The Chapter 7 petition was dismissed on November 28, 2005.

On December 12, 2005, Marshall filed a "Motion for Immediate Hearing" in the landlord tenant action filed against Heghmann. According to Heghmann, Marshall willfully prosecuted the action against him in violation of the automatic stay in bankruptcy. To date, Maguire and Marshall allegedly have refused to withdraw the landlord tenant action and are attempting to enforce a writ of possession (and presumably eviction) against Heghmann, all in

violation of the automatic stay in bankruptcy.

## Discussion

I.   <u>Federal Claims</u>

In Counts One and Three of the complaint, Heghmann alleges that Paul Maguire, Keri Marshall, Lynn Aaby and The Marshall Law Firm willfully violated the automatic stay provisions under Section 362 of the Bankruptcy Code, as they applied to Heghmann's bankruptcy, by commencing a landlord tenant action against him. Count Four alleges that Maguire violated the automatic stay under Section 1301 by serving Heghmann's wife with a Notice to Quit and Demand for Rent.

As this court (DiClerico, J. and McAuliffe, J.) noted in Heghmann's earlier cases, however, the federal district court lacks jurisdiction to entertain claims involving alleged violations of the Bankruptcy Code's automatic stay. <u>See</u> <u>Heghmann v. Hafiani</u>, No. 03-219-JD, slip op. at 2; <u>Heghmann v. Town of Rye</u>, No. 04-100-SM, 2004 WL 2526417, at *1.  A federal district court lacks subject matter jurisdiction over a plaintiff's claims arising under 11 U.S.C. § 362(h) for willful violation of an automatic stay because all such claims must be brought in the bankruptcy court.  <u>See</u> <u>Heghmann v. Town of Rye</u>, 326 F. Supp. 2d

5

227, 232-33 (D.N.H. 2004) (citing Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank, 236 F.3d 117, 121 (2d. Cir. 2001)(holding that claims under 11 U.S.C. § 362(h) must be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases)); Davis v. Courington (In re Davis), 177 B.R. 907, 912 (B.A.P 9th Cir. 1995)(holding that the bankruptcy court has subject matter jurisdiction over all claims alleging willful violation of an automatic stay)).

As explained to Heghmann in his earlier cases before this Court, any violation of the automatic stay should have been raised in his bankruptcy proceedings. See Heghmann v. Hafiani, No. 03-219-JD, slip. Op. at 2; Heghmann v. Town of Rye, No. 04-100-SM, 2004 WL 2526417, at *6.  To the extent he is attempting to appeal the bankruptcy court's decision to dismiss his petition, Heghmann has not followed the proper procedures under the Bankruptcy Rules.  Id.  To the extent he seeks a stay of an order of the bankruptcy court, he must proceed in the bankruptcy court.  Id.  Accordingly, I conclude that this Court lacks jurisdiction over Heghmann's claims advanced in Counts One, Three and Four of the complaint.

A second reason for dismissing Count Four is that Robert A. Heghmann is not permitted as a *pro se* litigant to represent his wife, Beatrice.  While in the past he claimed to be admitted to practice as a lawyer in other jurisdictions, he is not admitted to practice here and is no longer licensed to practice in Connecticut.  *Pro se* litigants are not permitted to appear for others in federal courts.  See Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982)("The federal courts have consistently rejected attempts at third-party lay representation.").  By law an individual may appear in federal court only *pro se* or by legal counsel.  Id. (citing 28 U.S.C. § 1654).

II.  State Law Claims

In Count Two of the complaint, Heghmann alleges that John Doe and Mary Roe are liable, under the doctrine of respondeat superior, for alleged violations of the automatic stay committed by Maguire.  Section 1367 provides that the court may decline to exercise supplemental jurisdiction over a plaintiff's state law claim when:

> (1)  the claim raises a novel or complex issue of State law,

    (2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3)   the district court has dismissed all claims over which it has original jurisdiction, or

    (4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Because I have recommended dismissal of Heghmann's federal claims, I also recommend dismissal of his supplemental state law claims. See Belini v. Wash. Mut. Bank, FA, 412 F.3d 17, 23 (1st Cir. 2005)(early dismissal of all federal claims usually will lead to dismissal of all supplemental state law claims); Velazquez-Rivera v. Danzig, 234 F.3d 790, 795 (1st Cir. 2000)(dismissal of pendent claims where federal claims were dismissed). Accordingly, I recommend that this court decline to exercise its supplemental jurisdiction over Heghmann's state law claims advanced in Count Two of the complaint. See 28 U.S.C. § 1367.

### Conclusion

For the foregoing reasons, I recommend that the complaint be dismissed.

If this Report and Recommendation is approved, the claims as identified herein will be considered for all purposes to be the

claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this Report and Recommendation, or he must properly move to amend the complaint.

Any further objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                               _____
                                               James R. Muirhead
                                               United States Magistrate Judge

Date: May 23, 2006

cc:    Robert A. Heghmann, *pro se*